AMOS H. M'CRILLIS *vs.* ROBERT C. SISSON, *et. al.*

Where an execution is returned *uncertified*, the clerk may issue an alias, but he does it at his own peril.

The taking in execution of the body of the debtor is in law a satisfaction of the execution.

An officer, charged with the service of an execution, took from the debtor a bond to secure the payment thereof, and the said execution being afterwards delivered to another officer, who committed the debtor and took a bond to procure for said debtor the liberty of the prison yard; *held* that the commitment was legal and the bond executed without duress.

THE opinion in this case was delivered by

DURFEE, C. J.—This is an action of debt on a bond executed by Robert C. Sisson as principal, and David Sisson, Jr. and Henry Ormon, as sureties, to said M'Crillis, for the sum of seventy-one dollars, dated Dec. 1st, 1838, conditioned that the said Robert, then a prisoner in the States' Jail, at Newport, should continue a true prisoner within the limits of said prison, &c. until lawfully discharged.

To this bond defendants plead duress, *non est factum*, and satisfaction of the execution previous to the commitment.

Plaintiff replies generally and specially.

On trial it appeared that at the November term, 1837, of the Court of Common Pleas, for the county of Newport, the said M'Crillis recovered judgment of the said Robert for the sum $33.76, costs of suit. On this judg-

ment execution was issued January 20, 1838, return-
able at the next May Term.   It was not served, but
Sheriff Rider, (charged with the service,) after a con-
versation with said Robert, in which he engaged to satis-
fy the execution or to surrender himself into the legal
custody of the Sheriff on or before the return-day, was
induced to delay the service thereof until that time.   On
that day, however, neither the property of the said Rob-
ert, nor his body, was to be found, and the execution
remained wholly unsatisfied.   It was thereupon, May
26, 1838, returned, but without official or other certifi-
cate of non-service or want of satisfaction made at that
time.   After the execution had been returned in blank,
and on the same day, an *alias* was sued out and deliver-
ed to Rider, then a deputy, under Sheriff Douglass.—
Some time after this, Rider certified to the non-service
of the first execution and that it was unsatisfied.   The
certificate bore date, May 26th—the date of the *alias*.—
Rider, on or about the 12th of June following, without
appearing to have made any formal service of the execu-
tion, procured from the said Robert a bond with surety
to secure the payment of said debt.   The plaintiff's
counsel, considering this bond as void by statute, took
the execution from Rider and delivered it for service to
Sheriff Douglass, who, on the 21st December follow-
ing, committed the said Robert.   And, thereupon, and
to procure for the said Robert the liberty of the Prison
yard, the bond on which this action is brought was exe-
cuted by the defendants.

The Court having intimated an opinion that the bond
given to Rider was void by statute, by agreement of
parties, defendants submitted judgment for the sum of
$42.75 and costs, subject to the opinion of the Court on
the following questions:

*First.*—Was the issuing of the *alias* execution legal or not ?

*Second.*—Was not the arrest and custody of the defendant by Rider, a full service of said execution ?

*Third.*—Was not Sisson under duress, if the process was illegal, or had been fully served before ?

*Fourth.*—Is not the taking in execution of the body of the debtor a satisfaction of the judgment, and was there a legal taking in this case ?

If the Court should find the law for the plaintiff, it was agreed that the judgment should stand ; if otherwise, the Court to reverse the judgment and enter judgment for the defendant for his costs.

As to the first of these questions, it is the opinion of the Court, that before an *alias* can be legally issued by the clerk, the original execution must be returned either partly or wholly unsatisfied.  An execution returned without certificate of service, and without receipt or memorandum thereon, is *prima facie* an execution unsatisfied, and an *alias* may be issued by the clerk, (at his own peril however,) within the year and day after the return day of the original.  The officer's certificate is but evidence of what has been done in virtue of the execution and of what remains to be done, and it is the *fact* that something remains to be done on the execution and not the *mere evidence* of that fact, which justifies the issuing of an *alias*.  To the clerk, however, the officer's return may afford a complete justification, whilst without such return or other written declaration, from the proper party, he acts at his peril.  It being a fact then, that this execution was wholly unsatisfied, when the *alias* issued, the precept must be deemed good, although there were not in the clerk's office conclusive evidence of the fact.

The second question assumes that there was an arrest and custody of the defendant by Rider, but as this is a matter of fact, which we are required to decide in the fourth question, we shall there consider it and answer both questions at once.

To the third question, none but an affirmative answer can be given.

As to the fourth question : The taking in execution of the body of the debtor, is in law, an execution of the judgment and a satisfaction of the execution. But the first question here is, was there in this case a taking of the body under the execution into the legal custody of the officer ? Was there a touching of the person for the purpose of making an arrest ? Were words used by Rider, which signified to Sisson, that he was in custody under the execution for commitment, and, were these words followed by acts of submission on the part of Sisson, showing that he yielded himself as a prisoner.— What evidence have we ? Rider goes with execution to Sisson and tells him that he will commit him, unless it is satisfied ; Sisson, by appointment, meets Rider and enters into bond with surety, to secure the payment of execution on or before return day. There is no evidence here, that Rider had signified to him that he was a prisoner under the execution, or, that Sisson so considered himself. If he were at that time taken on the execution for commitment, no act of the parties shows it. The custody of a prisoner on execution, is unlike that on *mesne* process. Where once a person is in actual custody on execution, he is in custody for commitment, and no indulgence can be shown him. There was nothing done consistent with this sort of custody. Besides, the return of the officer should be deemed to show all

that has been done, under the execution, but the return here shews no arrest or discharge by Rider at any time, but the return made, does shew an arrest and commitment by Sheriff Douglass, on the 1st of December, 1838. The commitment of Robert Sisson, at this time, was therefore legal, and the bond in question executed without duress.

The judgment must therefore stand.